HON. SANFORD A. HUDSON,
HON. GIDEON C. MOODY,         } ASSOCIATE JUSTICES.
HON. JEFFERSON P. KIDDER,

## STEVENS V. GALE ET AL.

1. PRACTICE: MOTION FOR NEW TRIAL: APPEAL FROM. Where a notice of appeal is merely from an order denying a motion for a new trial, the appeal will be dismissed on motion in this Court.

2. APPEAL: FINAL JUDGMENT. There must be a final determination of the action in the court below, and a notice of appeal therefrom, to give this Court jurisdiction.

3. NOTICE OF APPEAL: AMENDMENT OF. Motion to amend the notice of appeal so as to include an appeal from final judgment, *denied*.

*Appeal from the District Court of Minnehaha County.*

*R. F. Pettigrew* and *E. Parliman*, for appellant.

*Bartlett Tripp* and *M. Grigsby*, for respondent.

No briefs on motion filed.

MOTION of respondents for an order to dismiss the appeal, upon the ground that no appeal lies to this court from an order denying a motion for a new trial, unaccompanied by an appeal from final judgment:

Also motion of appellant's counsel for an order granting leave to amend the notice of appeal so as to include an appeal from final judgment.

SHANNON, C. J.—The notice of appeal in this case is merely from an order denying plaintiff's motion for a new trial.

There is no notice of appeal from any final judgment. In fact, the record before us contains no copy of any judgment. By reference to section 299 of the Code of Civil Procedure, it will be found that a *copy of the judgment*, in any case, is essential to constitute the judgment roll. Therefore, if there was any final judgment in this action the record does not disclose it; and we cannot look beyond the record.

By a former decision of this court, followed by an Act of the Legislative Assembly, approved February 20, 1879, there can be no appeal from any order to the Supreme Court before final determination of the action in which such order is made; but upon a final judgment or decision being rendered, the appellant, on his appeal from such final judgment or decision, may have any intermediate order enumerated in the 22nd section of the Code reviewed by designating such order in his notice of appeal from the final judgment or decision. It follows that there must be a final

determination of the action and a notice of appeal therefrom in order to give this court any jurisdiction. As neither of these essentials appears upon the record, the order asked for by the respondents to dismiss the appeal must be granted; and the motion of appellant to amend the notice of appeal must be denied.

All the Justices present concurring.